UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY BARTOSZEWSKI, STEVEN
BARTOSZEWSKI, DAVID BARTOSZEWSKI, and
BART'S TRUCKING & WATER COMPANY,

        **Plaintiffs,**

      v.            5:09-CV-1453
                     (FJS/DEP)

TOWN OF HANNIBAL, RONALD GREENLEAF,
AARON CASS, DWAYNE SHEPARD, and JOE
BLANCHARD, in their individual and official
capacities, jointly and severally,

        **Defendants.**
_____

**APPEARANCES**         **OF COUNSEL**

**LAW OFFICE OF MARK DAVID BLUM**  **MARK DAVID BLUM, ESQ.**
P.O. Box 82
Manlius, New York 13104
Attorneys for Plaintiffs

**MACKENZIE HUGHES LLP**     **JEFFREY D. BROWN, ESQ.**
101 South Salina Street
P.O. Box 4967
Syracuse, New York 13221-4967
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Currently before the Court is Defendants' motion for reconsideration of the Court's September 1, 2012 Memorandum-Decision and Order. *See* Dkt. No. 38. Defendants seek reconsideration on the ground that the Court inadvertently failed to address their qualified

immunity argument. *See* Dkt. No. 38-2 at 1. Plaintiffs oppose this motion. *See* Dkt. No. 40.

## II. BACKGROUND

In its Memorandum-Decision and Order dated September 1, 2012, the Court granted in part and denied in part Defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See* Dkt. No. 37. Specifically, the Court (1) granted Defendants' motion with respect to Plaintiffs' procedural due process claim regarding Defendants' shutting off of Plaintiffs' water at the Mill Street Property; (2) denied Defendants' motion with respect to Plaintiffs' procedural due process claim regarding Defendants' shutting off of Plaintiffs' water at the Route 104 Property; (3) denied Defendants' motion with respect to Plaintiffs' illegal seizure claim regarding the hydrant on the Mill Street property; (4) granted Defendants' motion with respect to Plaintiffs' illegal search and seizure claim in all other respects; (5) granted Defendants' motion with respect to Plaintiffs' claim for abuse of civil process; and (6) granted Defendants' motion with respect to Plaintiffs' *Monell* claim. *See id.* Accordingly, the only remaining claims are Plaintiffs' due process and illegal seizure claims against the individual Defendants. *See id.*

## III. DISCUSSION

### A.   Standard of review for a motion for reconsideration

Local Rule 7.1(g) governs motions for reconsideration of interlocutory orders in this District. *See Sumner v. McCall*, 103 F. Supp. 2d 555, 558 (N.D.N.Y. 2000). Generally, there are only three grounds on which a court may grant a motion for reconsideration: "(1) an intervening

change in controlling law, (2) availability of new evidence not previously available or (3) to correct a clear error of law or prevent manifest injustice." *McCain v. Dimon & Bacorn*, No. 3:10-CV-766, 2011 WL 3738455, *1 (N.D.N.Y. Aug. 24, 2011) (citation omitted); *Taormina v. Int'l Bus. Machs. Corp.*, No. 1:04-CV-1508, 2006 WL 3717338, *1 (N.D.N.Y. Dec. 14, 2006) (citation omitted).

In this case, Defendants have proffered evidence to demonstrate that the Court inadvertently failed to address their qualified immunity defense once it became clear that Plaintiffs were suing Defendants in their individual capacities. Therefore, the Court grants Defendants' motion for reconsideration so that it can address their qualified immunity argument.

**B.    Qualified immunity**

Qualified immunity protects government officials from liability when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations and footnote omitted); *see also Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2083 (2011) (citations omitted); *Sudler v. City of New York*, 689 F.3d 159, 174 (2d Cir. 2012) (citations omitted). The law of qualified immunity seeks to strike a balance between "the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

A court may dismiss a claim based on qualified immunity at the summary judgment stage only if it finds that a defendant has met his burden to demonstrate that no rational jury could

-3-

conclude (1) that he violated a statutory or constitutional right and (2) that the right was clearly established at the time of the challenged conduct. *See Tavares v. Amato*, No. 9:12-CV-563, 2013 WL 3102031, *17 (N.D.N.Y. June 18, 2013) (quotation omitted).

For a constitutional right to be clearly established,

> the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say *that in light of pre-existing law the unlawfulness must be apparent.*

*Mollica v. Volker*, 229 F.3d 366, 370-71 (2d Cir. 2000) (quoting *Anderson*, 483 U.S. at 640, 107 S. Ct. 3034). Accordingly, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (citation omitted). If the right at issue was not clearly established by existing precedent, then qualified immunity would shield the defendant.

Furthermore, even if the right at issue was clearly established in certain respects, an individual is still entitled to qualified immunity if "officers of reasonable competence could disagree" on the legality of the action at issue in its particular factual context. *Malley v. Briggs*, 475 U.S. 335, 341 (1986); *see also Cerrone v. Brown*, 246 F.3d 194, 202 (2d Cir. 2001). Thus, qualified immunity provides a broad shield. *See Zalaski v. City of Hartford*, No. 12-621-CV, 2013 WL 3796448, *5 (2d Cir. July 23, 2013). Additionally, qualified immunity employs a deliberately forgiving standard of review, *see Amore v. Novarro*, 624 F.3d 522, 530 (2d Cir. 2010), that "provides ample protection to all but the plainly incompetent or those who knowingly

-4-

violate the law." *Malley*, 475 U.S. at 341. With these principles in mind, the Court will address Plaintiffs' remaining claims.

There is no dispute that, under certain circumstances, a plaintiff has a constitutional right to due process and a constitutional right to be free from unreasonable seizures of his property. Furthermore, in this case, the Court has already concluded that issues of material fact exist regarding whether Defendants violated these clearly established constitutional rights. Nonetheless, Defendants are entitled to qualified immunity if reasonable officers could disagree as to whether Defendants' conduct was unlawful in this particular context.

To answer this question, the Court begins its analysis with a review of the Town Water Use Law, which requires that all water services in the Village be metered. *See* Dkt. No. 30-11 at 4. Since Plaintiffs' Mill Street Property was located in the Village and was unmetered, *see* Dkt. No. 30-2 at 50; Dkt. No. 30-7 at 2; Dkt. No. 30-10 at 203, it violated the Town Water Use Law. Furthermore, the Town Water Use Law authorizes the Town Board in the event of an emergency to "take such emergency measures as may be deemed necessary to protect the public water supply[,]" *see* Dkt. No. 30-11 at 6-7; but it does not specify any particular procedure for addressing emergency situations, *see* Dkt. No. 26 at 11 n.8. The Town Board discussed and voted to disconnect and remove Plaintiffs' hydrant. *See* Dkt. No. 30-9 at 2; Dkt. No. 30-12 at 2. At the Town Board Meeting on August 13, 2008, Defendant Aaron Cass, the Town's Chief Water Officer, deemed the hydrant unsafe. *See* Dkt. No. 30-12 at 2. Defendant Greenleaf, Town Supervisor, additionally noted that, according to the State Comptroller, the hydrant was illegal. *See id.* Viewing these facts in a light most favorable to Plaintiffs, as the non-moving party, the Court finds that reasonable officers could disagree about whether Defendants' removal of

Plaintiffs' hydrant at their Mill Street property was unlawful. Accordingly, the Court concludes that Defendants are entitled to qualified immunity with respect to Plaintiffs' illegal seizure claim.

With respect to Plaintiffs' Route 104 Property, Plaintiffs argue that the individual Defendants acted objectively unreasonably when they inspected that property and temporarily shut off Plaintiffs' water access because the Town Water Use Law only requires water services in the Village to be metered and, therefore, does not apply to the Route 104 Property. *See* Dkt. No. 40 at 8 (citing Dkt. No. 21-3 at 7). The Court disagrees. The Town Water Use Law makes it illegal to "install connections which result in unmetered water use," *see* Dkt. No. 30-11 at 11, and does not provide water service to any customer prior to the Town's approval of the water service installation, *see* Dkt. No. 30-11 at 3. All customers of the Town Water System must install meters to quantify water usage, regardless of where they live. *See* Dkt. No. 30-3 at 45-46. Furthermore, the Town Water Use Law authorizes representatives of the Town bearing proper credentials to "enter the premises of any customer served by the water system, at all reasonable hours, to read meters, examine fixtures and connections and/or make necessary repairs." *See* Dkt. No. 30-11 at 6. Lastly, the Town Water Use Law does not require a specific procedure for terminating non-compliance with the water meter requirement. *See* Dkt. No. 26 at 11 n.8. Thus, the Court concludes that the individual Defendants acted in accordance with the Town Water Use Law when they investigated and temporarily disconnected water service that was illegally connected to the Town's water supply.

Viewing these facts in a light most favorable to Plaintiffs, as the non-moving party, the Court concludes that reasonable officers could disagree about whether Defendants' shutting off the water at the Route 104 Property was unlawful. Accordingly, the Court finds that Defendants

are entitled to qualified immunity with respect to Plaintiffs' due process claim.

## IV. CONCLUSION

Accordingly, after reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for reconsideration is **GRANTED**; and the Court further

**ORDERS** that, upon reconsideration, Defendants' motion for summary judgment with respect to the remaining claims in this action is **GRANTED** on the ground that the individual Defendants are entitled to qualified immunity; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case.

**IT IS SO ORDERED.**

Dated: September 6, 2013
   Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge